1  James J. Pisanelli, Esq., Bar No. 4027
   jjp@pisanellibice.com
2  M. Magali Mercera, Esq., Bar No. 11742
   mmm@pisanellibice.com
3  PISANELLI BICE PLLC
   400 S. 7th Street, Suite 300
4  Las Vegas, NV  89101
   Telephone:     (702) 214-2100
5  Facsimile:     (702) 214-2101

6

7  Kenneth E. Keller, Esq. (*Pro Hac Vice* to be filed)
   kkeller@ksrh.com
8  Ethan Jacobs, Esq. (*Pro Hac Vice* to be filed)
   ejacobs@ksrh.com
   KELLER, SLOAN, ROMAN & HOLLAND LLP
9  555 Montgomery Street, 17th Floor
   San Francisco, California 94111
10 Telephone:     (415) 249-8330
   Facsimile:     (415) 249-8333

11

12 Jason R. Erb (*Pro Hac Vice* to be filed)
   jasonerb@hmausa.com
13 HYUNDAI MOTOR AMERICA
   10550 Talbert Avenue
14 Fountain Valley, California  92708
   Telephone:     (714) 965-3393
   Facsimile:     (714) 965-3815

15

16 Attorneys for Plaintiffs,
   HYUNDAI MOTOR AMERICA, INC., and
17 HYUNDAI MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. a California corporation, HYUNDAI MOTOR COMPANY, a Korean corporation, | Case No.: |
| | **COMPLAINT FOR:** |
| Plaintiffs | 1.  **TRADEMARK INFRINGEMENT (15 U.S.C. §1114);** |
| v. | 2.  **INDUCING TRADEMARK INFRINGEMENT (15 U.S.C. §1114)** |
| ISHER TRADING LLC, | 3.  **CONTRIBUTORY TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** |
| Defendant. | 4.  **FALSE DESIGNATION OF ORIGIN (15 U.S.C. §§1125(a)(1)(A) and (a)(1)(B));** |
| | 5.  **TRADEMARK DILUTION (15 U.S.C. §1125(c)** |
| | 6.  **COMMON-LAW TRADEMARK INFRINGEMENT;** |

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

7. **COMMON-LAW UNFAIR COMPETITION;**
8. **TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE §14247;**
9. **DECEPTIVE TRADE PRACTICES UNDER N.R.S. 598.0903,** *et seq.*

## JURY TRIAL DEMANDED

Plaintiffs HYUNDAI MOTOR AMERICA, INC. ("HMA") and HYUNDAI MOTOR COMPANY ("HMC") (HMA and HMC are collectively referred to herein, as appropriate, as "Plaintiffs") assert the following claims against Defendant ISHER TRADING LLC.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is premised upon 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332(a)(1), 1338(a) and 1338(b). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). The amount in controversy as alleged herein exceeds the jurisdictional limit of this Court.

2. This Court has personal jurisdiction over Defendant because Defendant has been and continues to import, promote, offer for sale, sell, and/or distribute the products at issue in this Complaint into this State and District, and which conduct has caused and will continue to cause injury and damage to Plaintiffs within this State and this District, and further because Defendant continuously and systematically conducts, transacts, and/or solicits business in this State and within this District, including but not limited to personally appearing at tradeshows within this District and conducting business, soliciting sales of and selling the products at issue in this Complaint.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts, events, and omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## NATURE OF ACTION

4. This is an action for damages and injunctive relief for (i) direct and indirect trademark infringement under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§1114,

2

1116 and 1117; (ii) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (iii) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c); and (iv) related claims arising under common law and state law.

5.     HMC is a world-renowned company that manufactures Hyundai automobiles and has manufactured by its authorized ~~supplies~~ suppliers Hyundai-branded parts for sale in the United States and abroad.  HMA is the exclusive distributor of those Hyundai-branded parts in the United States.  "Genuine" Hyundai-branded parts are those that are manufactured by authorized suppliers for such parts and then are distributed and imported into the United States by and for HMA through Hyundai's authorized chain of distribution to authorized Hyundai dealers ("Hyundai Genuine Parts").  Hyundai Genuine Parts are made to certain specifications and must meet certain quality standards applicable to the Hyundai vehicles to be sold in the United States. That is not true for certain Hyundai-branded parts meant for sale abroad.  Hyundai-branded parts that are not sourced through Hyundai's authorized chain of distribution for the United States may contain numerous physical and non-physical material differences including, but not limited to, differences in packaging, labels, production methods, weight, and performance characteristics, either as a result of the difference in specifications or manufacturing processes or because parts are not "first run parts", are "seconds", defective or reject parts.  Furthermore, Hyundai-branded parts that are sourced outside of Hyundai's authorized chain of distribution for the United States are materially different in warranty coverage and/or protection and dealer and customer support. As such, the sales of those Hyundai-branded parts in the United States constitute illegal gray-market goods.

6.     Plaintiffs are informed and believe and thereon allege that Defendant is importing, promoting, offering for sale, advertising on the internet and through other media and/or selling Hyundai-branded parts, which were meant for sale abroad, to various resellers in the U.S. ("Resellers").   These Resellers then sell the parts to HMA's authorized dealers in the United States, without notifying the dealers that these parts are not Hyundai Genuine Parts, were not sourced through Hyundai's authorized chain of distribution and are not covered by Hyundai warranties. Plaintiffs are informed and believe and thereon allege that Defendant does not offer a

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1  warranty on the Hyundai-branded parts that they sell that is equivalent to the HMA warranties, as

2  discussed below.

3        7.     Plaintiffs are informed and believe and thereon allege that Defendant is

4  representing the parts that they offer, promote, advertise and/or sell are "Genuine" Hyundai parts

5  when in fact they are not.  Defendant knows that these parts have not been sourced through

6  Hyundai's authorized chain of distribution for the United States and thus are not "genuine" parts

7  for the United States.  Rather, these parts contain a number of physical and non-physical material

8  differences, including but not limited to differences in warranty protection, and constitute illegal

9  gray market goods.  Defendant's advertisement, offer, importation, promotion and sale of these

10  parts violate Plaintiffs' statutory and common law trademark rights and constitute false

11  designation of origin and unfair competition.

12        8.     Moreover, Defendant is intentionally inducing Resellers to infringe Hyundai's

13  trademarks by, among other things, representing to those Resellers that Defendant's parts are

14  "genuine," causing a likelihood of confusion and leading those Resellers and others to believe that

15  the HMA warranties apply to the parts (when they do not) and that they thus do not need to (and

16  do not) offer an equivalent warranty to dealers or end-customers.  Defendant's representations

17  regarding the "genuineness" of the parts also makes the Resellers unaware of the physical

18  material differences between Defendant's parts and parts obtained through the Hyundai's

19  authorized chain of distribution for the United States.  Thus, the Resellers do not advise dealers

20  and end-customers of these material differences.  Instead, the Resellers advise their customers that

21  the parts are "genuine" when they are not.

22        9.     These physical and non-physical differences make the parts sold by Defendant and

23  its Resellers materially different from Hyundai Genuine Parts sold through Hyundai's authorized

24  chain of distribution for the United States, rendering Defendant's parts illegal gray market parts.

25                      **THE PARTIES**

26        10.    HMA is a corporation duly organized and existing under the laws of the State of

27  California, with its principal place of business located in Fountain Valley, California.  HMA has

28  been granted the exclusive license by HMC to distribute Hyundai brand vehicles and parts in the

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

4

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

United States that bear the trademarks, trade names and/or trade dress of HMC, and HMA has the right to enforce those rights and/or sub-license those rights to dealers, distributors, and others.  In that regard, HMA sources parts for sale to its authorized dealers through Hyundai's authorized chain of distribution for the United States and only parts sourced through that authorized chain of distribution are recognized by HMA and the industry as "Genuine" Hyundai parts, covered by the applicable Hyundai warranties as described below.

11.    HMA also is the owner of certain trademarks associated with the Hyundai line of automobiles and automobile parts.  HMA has an economic interest in the trademarks, trade names, trade dress and designation of origin of the mark "Hyundai" whether used alone or in conjunction with other words or marks.

12.    HMC is a Korean company located in Seoul, Republic of Korea. HMC is the owner of certain trademarks associated with the Hyundai line of automobiles and automobile parts.  HMC has an economic interest in the trademarks, trade names, trade dress and designation of origin of the mark "Hyundai" whether used alone or in conjunction with other words or marks.

13.    Plaintiffs are informed and believe, and on that basis allege, that Defendant Isher Trading LLC is a limited liability corporation organized under the law of Dubai, United Arab Emirates with its principal of business in Dubai.  Defendant either directly or indirectly promotes, advertises, offers for sale, and/or sells goods and products, including the products at issue in this Complaint, to third parties within this District.  For example, Defendant has advertised Hyundai genuine parts on its website and in connection with the AAPEX trade show in Las Vegas, Nevada, as reflected in **EXHIBIT A**.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14.    HMC was established in 1967 and has become one of the leaders in the automotive market in the United States and around the world.  Today, HMC designs, manufactures, markets, distributes, and sells a wide range of motor vehicles and parts to over 190 countries throughout the world, including in the United States, under the trademark, Hyundai.

15.    HMA is a subsidiary of HMC.  Since 1986, HMA has been the exclusive distributor in the United States of, among other things, Hyundai motor vehicles, and Hyundai

brand automobile parts and accessories.

16.    Mobis Parts America ("MPA") is the exclusive agent or representative of HMA for the sourcing and distribution of genuine Hyundai Parts.   MPA is a subsidiary company of Hyundai Mobis

17.    The only authorized and recognized source of distribution of Hyundai Genuine Parts for the United States if from the authorized manufacturers or suppliers of those parts in Korea, through Hyundai Mobis in Korea to MPA ("Hyundai's Authorized Chain of Distribution"), who then distributes or delivers those parts on behalf of HMA to authorized Hyundai dealers in the United States ("Hyundai Dealers").

18.    HMA and/or HMC sells motor vehicles, automotive parts, and accessories, including the Hyundai Genuine Parts, and related services under the following family of registered United States trademarks:

| MARK | REG. NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| HYUNDAI | 1104727 | October 24, 1978 | For International Class 12 for: Cars, trucks and buses |
| HYUNDAI | 3991863 | July 12, 2011 | For International Classes 7 and 12 for:<br><br>Water pumps for land vehicles; cylinder heads used on engines; pistons for land vehicles; fans for motors and engines; vehicle engine parts, namely, oil coolers; oil filters for land vehicles; vehicle parts, namely, radiator supporting panels; radiator grilles for land vehicles and<br><br>For: Bearings for land vehicles, namely, axle bearings, engine bearings, wheel bearings; engines and motors mufflers; clutch covers for land vehicles; transmissions for land vehicles; disk brakes for land vehicles; rearview mirrors for automobiles; windscreen wipers for automobiles; rubber belts for land vehicles; fuel tanks for land |

| MARK | REG. NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| | | | vehicles; wheels caps for land vehicles; bumpers for automobiles; hoods for automobiles; doors for automobiles; trunk panels for land vehicles; bumpers for land vehicles; door handles for automobiles; aerials for automobiles; horns for automobiles |
| Ⓗ | 1569538 | December 5, 1989 | For International Class 12 for: Automobiles and structural parts thereof |
| Ⓗ | 4065195 | December 6, 2011 | For International Class 12 for: Bearings for land vehicles, namely, axle bearings, wheel bearings; mufflers for land vehicles; transmissions for land vehicles; rearview mirrors for automobiles; bumpers for automobiles; windscreen wipers for automobiles; seat covers for automobiles; tire chains for automobiles; radiator grills for land vehicles; body panels for vehicles; air bags for vehicles; swing doors for vehicle engines; glasses for vehicles, namely, glass windows for vehicles; clutches for land vehicles; fan motors for vehicles; air sensors for vehicles; brake pads for land vehicles; suspensions for vehicles, namely, wheel suspensions, suspension struts; springs for vehicles, namely, coil springs, leaf springs; speed sensors for vehicles; sun roofs for vehicles; fuel gauges for vehicles; oil seals for vehicles, namely, transmission seals; wiper motors for vehicles; control units for vehicles, namely, air suspension valves for controlling suspension height for vehicles, electronic stability system to allow better control and maneuverability of trucks and trailers, sold as an |

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

| MARK | REG. NO. | REGISTRATION DATE | GOODS |
|------|----------|-------------------|-------|
|      |          |                   | integral component of trucks; pedals for vehicles, namely, brake pedals, gas pedals |

19.     Specifically, HMC is the owner of U.S. Registration No. 1,104,727; U.S. Registration No. 3,991,863; and U.S. Registration No. 4,065,195 (the "HMC Marks"). HMA is the owner of U.S. Registration No. 1,569,538 (the "HMA Mark"). The HMC Marks and the HMA Mark are collectively referred to as the "HYUNDAI MARKS," copies of which registrations are attached hereto as **EXHIBIT B**.

20.     All of the above federal registrations are in full force and effect and are in good standing.

21.     HMA is also a licensee of the HMC Marks, in association or connection with the promotion, distribution, sale and service of Hyundai brand vehicles and parts, including the Hyundai Genuine Parts, in the United States.

22.     Independent of the foregoing registrations, HMA and/or HMC own and hold common-law rights in the HYUNDAI MARKS, including nationwide common-law trademarks.

23.     The HYUNDAI MARKS have, among others, all been used in commerce continuously in the United States by HMA and/or HMC prior to Defendant's usage of the same or similar marks and designation of origin, as described herein.

24.     HMA and/or HMC exercise great care in selecting the Hyundai Dealers. In doing so, substantial monies and efforts are expended by HMA and/or HMC to control the nature and quality of the goods and services which such Hyundai Dealers may employ in using the HYUNDAI MARKS. In the United States, Dealers are required to perform certain warranty work using only Hyundai Genuine Parts and with respect to other service or repair work, if the Dealers opt to use other than Hyundai Genuine Parts, they are required to advise the customers that they are doing so.

25.     HMA and/or HMC have also expended significant time, money and effort in ensuring that the Hyundai Genuine Parts comply with its stringent internal quality standards and

with state and federal laws and regulations in the United States.

26.     For many years, HMA and/or HMC have spent millions of dollars in advertising Hyundai motor vehicles, products and related services, including Hyundai's warranties and to specifically promote and develop the HYUNDAI MARKS.  These substantial expenditures of time, money and effort have resulted in a reputation for exceptionally high quality standards.  HMA and/or HMC have also developed marketing strategies and designed packaging, promotional materials and specific products for the market in the United States, consistent with this reputation and high quality standards.  Plaintiffs vigorously protect their reputation and goodwill by maintaining the highest standards in their products, appearance, and customer service.

27.     Because of these efforts, the HYUNDAI MARKS and the products and services which use them, have developed substantial good will, and have established secondary meaning in the United States.

28.     The HYUNDAI MARKS have been famous in the United States long before the acts of Defendant set forth herein.

**MANUFACTURE OF HYUNDAI GENUINE PARTS**

29.     A variety of suppliers from around the world--but primarily in Korea--manufacture Hyundai Parts according to HMC's specifications.  These are used by Hyundai plants in Korea and the United States in the manufacture Hyundai vehicles.  These parts can also be used for service, repair, and warranty work on Hyundai vehicles.  Hyundai parts that are intended and destined for sale in the United States only are imported through Hyundai's authorized chain of distribution.

30.     Hyundai Genuine Parts are designed and tested for the optimum safety, performance, and reliability. In addition, Hyundai Genuine Parts earmarked for sale, distribution and/or use in the United States are specifically designed and manufactured in accordance with and to meet the applicable U.S. standards and regulations, including environmental and federal motor vehicle safety standards.  Finally, the only parts that are Hyundai Genuine Parts are those that are imported into the United States through Hyundai's Authorized Chain of Distribution.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

31.     Hyundai Genuine Parts manufactured for use in and/or sale in the United States may have material differences from those manufactured for use and/or sale outside the United States.   Furthermore, parts that are not sourced through Hyundai's Authorized Chain of Distribution may have physical differences due to such parts being "seconds," rejects or defective parts.  Because of these material differences, if a non-Hyundai Genuine Part is used during the repair or servicing of Hyundai vehicles or as a replacement part for warranty work or otherwise, compatibility, performance and/or safety issues can arise.

## PLAINTIFFS' AUTHORIZED CHAIN OF DISTRIBUTION FOR HYUNDAI PARTS SOLD IN THE UNITED STATES

32.     HMC has a relationship with Hyundai Mobis (also known as Mobis Korea or Mobis HQ) which is a company within the Hyundai family of companies.   Pursuant to an agreement with HMC, Hyundai Mobis HQ is responsible for the sourcing of Hyundai parts from these third–party manufacturers and for the distribution throughout the world of those Hyundai parts for Hyundai automobiles.

33.     Hyundai Mobis has distribution centers in various parts of the world. The Mobis entity that is responsible for the chain of supply and distribution within the United States of Hyundai parts is Mobis Parts America ("MPA").  MPA has entered into a contract with HMA to manage the sale and facilitate the distribution of Hyundai parts to dealers in the United States. MPA only sources Hyundai parts from Hyundai Mobis.  Thus, the only authorized chain of distribution for Hyundai "genuine" parts for the United States is from Hyundai Mobis by MPA, on behalf of HMA. MPA then facilitates the sale of these genuine parts on behalf of HMA to Hyundai dealers throughout the United States ("Hyundai's Authorized Chain of Distribution").

## HMA'S WARRANTY PROGRAM

34.     HMA offers a robust warranty program that includes: (1) a New Vehicle Limited Warranty; (2) a Powertrain Limited (Original Owner) Warranty; (3) an Anti-Perforation Warranty; and (4) a Replacement Parts and Accessories Limited Warranty.

35.     The New Vehicle Limited warranty's coverage is for 5 years or 60,000 miles, and attaches to automobile purchases and covers a variety of parts incorporated within different

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1  Hyundai automobiles.  The Powertrain Limited (Original Owner) Warranty coverage period is 10

2  years or 100,000 miles to the original vehicle owner and covers the powertrain component.  The

3  Anti-Perforation Warranty coverage period is 7 years and covers rust holes that develop in vehicle

4  body sheet metal due to defects. Finally, the Replacement Parts and Accessories Limited

5  Warranty provides, for a period of 12 months or 12,000 miles, coverage for repair or replacement

6  of any Hyundai Genuine Part or Accessory supplied from HMA that is found to be defective in

7  material or workmanship under normal use and maintenance.

8         36.    Moreover, for vehicles within the New Vehicle Limited Warranty coverage period,

9  replacement of certain parts would be covered for 5 years or 60,000 miles under that warranty,

10 which, in effect, "extends" the Replacement Parts and Accessories Limited Warranty coverage

11 period through the remainder of the new vehicle warranty, which can be greater than 12 months

12 or 12,000 miles.

13        37.    The HMA warranty program only applies to "Hyundai Genuine Parts," which

14 HMA defines in its warranty documents as parts supplied from HMA (through MPA); i.e. through

15 Hyundai's Authorized Chain of Distribution.  Thus, the HMA warranties do not extend to parts

16 sold by entities other than HMA.  In addition, any damage to or failure of a Hyundai Genuine Part

17 caused by the installation or failure of a non-genuine Hyundai part is not covered by any HMA

18 warranty.

19        38.    HMA's warranty program – commonly referred to as "America's Best Warranty" –

20 is a critical component in its quality control process and allows HMA to ensure that the value of

21 its trademarks is maintained.  The warranty program is also essential to the successful marketing

22 of Hyundai products because it provides assurance to the Hyundai customer that his or her

23 purchase will achieve certain performance standards during the warranty period.  HMA has long

24 recognized that the HMA warranty program has substantial value and is an important and

25 necessary part of the automotive goods purchased by its customers.  Likewise, HMA's warranties

26 are important and valuable to authorized dealers.  The value that the warranties add to Hyundai

27 vehicles is the reason HMA assumes the economic cost of the warranty program and promotes

28 and markets the warranty to customers.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

39.     Parts manufactured for sale and use outside of the United States, on the other hand, carry no warranty whatsoever in the United States.  In addition, any damage to or failure of Hyundai Genuine Parts caused by the installation or failure of an imitation part is not and would not be covered by any Hyundai warranty.

40.     Neither HMC nor HMA has authorized the sale or use of Hyundai Genuine Parts that are manufactured for use or sale outside the United States to be sold for use or used on vehicles in the United States.    Any part that is sourced by anyone outside of Hyundai's Authorized Chain of Distribution is not a Hyundai Genuine Part and is not covered by any warranty offered by Hyundai.

## **DEFENDANT'S UNLAWFUL ACTS**

41.     Commencing long after Plaintiffs' use of the HYUNDAI MARKS, and without Plaintiffs' consent, and within four years preceding the filing of this Complaint, Defendant has and continues to actively and knowingly import, distribute, promote, offer for sale and/or sell in the United States, replacement automotive parts bearing the HYUNDAI MARKS, which Plaintiffs did not intend for sale or use in the United States, but rather were intended for sale elsewhere, and which parts contain material differences, physically and/or in warranty protection. Defendant is importing the parts into the United States through channels other than Hyundai's Authorized Chain of Distribution ("Resellers' Parts").

42.     By way of example only, Plaintiffs are informed and believe, and thereon allege that Defendant has offered, among other Hyundai parts, Hyundai oil filters, which Defendant represents are "genuine" Hyundai parts, when in reality those parts were not sourced through Hyundai's Authorized Chain of Distribution.  Plaintiffs are informed and believe that that such oil filters are not "genuine" Hyundai parts and contain material differences, physically and in warranty coverage.   Plaintiffs are further informed and believe that certain such physical differences are, among other things, the result of the parts being "seconds," rejected, recall or defective parts and that such differences might affect the performance and functioning of the parts.

43.     Since they have not been imported or sourced through Hyundai's Authorized Chain

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

of Distribution, the Resellers' Parts have not be subjected to the exacting quality and/or safety standards associated with the Hyundai Genuine Parts, cannot be verified back through their channels of distribution, are not equivalent to the Hyundai Genuine Parts in quality, design and/or performance, and do not originate with, and/or are not sponsored by Plaintiffs in the United States.  Plaintiffs have never imported, promoted, distributed and/or sold into the United States the Reseller's Parts, and have never authorized the importation, promotion, distribution and/or sale of the Resellers' Parts for sale and/or use in the United States.

44.    Moreover, Plaintiffs are informed and believe, and thereon allege, that Defendant does not offer any warranty on the Reseller's Parts that it sells, much less a warranty that is equivalent to the HMA warranties.

45.    Plaintiffs are further informed and believe, and thereon allege, that Defendant is intentionally inducing Resellers to infringe the HYUNDAI MARKS by, among other things, representing to those Resellers that Defendant's parts are "genuine," leading those Resellers to believe that the HMA warranties apply to the parts (when they do not) and that they thus do not need to (and do not) offer an equivalent warranty to dealers or end-customers.

46.    Plaintiffs are further informed and believe, and thereon allege, that Defendant's representations regarding the "genuineness" of the parts also makes the Resellers unaware of the physical material differences between Defendant's parts and parts obtained through Hyundai's Authorized Chain of Distribution.  Thus, the Resellers do not advise dealers and end-customers of those physical material differences.  Instead, the Resellers are intentionally induced by Defendant to infringe the HYUNDAI MARKS by advising their customers that Defendant's parts are "genuine" when they are not.

47.    Parts sold by Defendant and later re-sold by its Resellers ("Resellers' Parts") are not covered under HMA's and/or HMC's warranty and have one or more material physical differences compared to the Hyundai Genuine Parts, which are meant for sale and use in the United States.  Defendant's products thus constitute unlawful "gray market" goods (hereinafter the "Non-Genuine Hyundai Parts").

48.    By selling Resellers Parts in the United States, without Plaintiffs' consent,

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

13

1  Defendant has taken away Plaintiffs' ability to control the quality of their products, and
2  misrepresented to the Resellers, Hyundai Dealers and/or end consumers the origin and quality of
3  the Hyundai brand and warranty protection or coverage with respect to such parts.

4     49.    Defendant has knowingly used in commerce a reproduction, copy or colorful
5  imitation of the HYUNDAI MARKS in connection with the sale, offering for sale, distribution,
6  and/or advertising of the Resellers' Parts, which such use is likely to cause confusion, or to cause
7  mistake, and/or to deceive.

8     50.    Defendant has, among other things, knowingly reproduced, copied or colorably
9  imitated Plaintiffs' rights in the common-law and registered HYUNDAI MARKS and have
10 knowingly applied such reproduction, copy, or colorable imitation to advertisements, websites,
11 labels, signs, prints, packages, wrappers, or receptacles intended to be used in commerce upon or
12 in connection with the sale, offering for sale, distribution, or advertising of goods or services on
13 or in connection with which such use is likely to cause confusion, or to cause mistake, or to
14 deceive.  The Resellers' Parts sold by the Defendant differ materially from the Hyundai Genuine
15 Parts as described herein, and do not originate with, are not sponsored by and are not distributed
16 by Plaintiffs.

17    51.    Defendant is intentionally and willfully importing, purchasing, advertising,
18 promoting, distributing, offering for sale, and/or selling in the United States, without Plaintiffs'
19 authorization and/or consent, the Resellers' parts to unfairly and fraudulently compete with
20 Plaintiffs, and to benefit from the valuable and favorable reputation and goodwill of the
21 HYUNDAI MARKS, the Hyundai products, including but not limited to the Hyundai Genuine
22 Parts, and the Hyundai brand.

23    52.    Defendant has and continues to use the HYUNDAI MARKS in such a fashion as
24 to intentionally create a false impression among the consuming public that its goods originate
25 from Plaintiffs or are sponsored, approved by, managed and/or affiliated with Plaintiffs, and to
26 misrepresent the origin and quality of goods sold.

27    53.    Defendant's foregoing acts were and are likely and intended to cause confusion and
28 mistake among the public, including Hyundai Dealers, customers, prospective customers and

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

14

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

others and to deceive them as to, among other things, (i) the affiliation, connection, and association of Defendant with Plaintiffs, (ii) the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiffs, and (iii) the nature, characteristics, and quality of Defendant's goods, services or commercial activities; all of which was and is for the purpose of enhancing the commercial value of, or selling or soliciting sales of, Defendant's products, goods or services.

54.    By reason of the foregoing, Plaintiffs have suffered and will continue to suffer damage to their property, business, reputation, and goodwill, and have suffered and will continue to suffer dilution of the distinctive quality of the HYUNDAI MARKS, and have lost and will continue to lose income and profits that Plaintiffs would have earned but for Defendant's foregoing acts, in an amount in excess of the jurisdictional limits of this Court.

55.    The acts of Defendant alleged herein were knowing, intentional, willful and extraordinary.

56.    Plaintiffs' remedy at law is inadequate to compensate Plaintiffs fully for their injuries.  Defendant is continuing the foregoing activities and, unless enjoined, will continue to do so, all to Plaintiffs' irreparable damage.  It would be extremely difficult or impossible to estimate the amount of compensation which would afford Plaintiffs complete monetary relief for such continuing acts.  A multiplicity of judicial proceedings would be required in the absence of appropriate injunctive relief.

**FIRST CAUSE OF ACTION**

**FOR TRADEMARK INFRINGEMENT (15 U.S.C. §1114)**

57.    Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 56 above.

58.    Defendant's importation, promotion, distribution, use and/or threatened continued use in commerce of the Resellers' Parts which bear trademarks that are identical or nearly identical to federally registered HYUNDAI MARKS constitutes a wrongful use of an unauthorized reproduction, copy or colorable imitation of one or more of the registered HYUNDAI MARKS.

59.     Defendant's importation, promotion, sale and/or distribution of the Resellers' Parts have caused and/or are likely to continue to cause confusion, or to cause mistake, or to deceive, including but not limited to whether Plaintiffs guarantee and/or warrant the quality of the Resellers' Parts.

60.     Defendant's willful acts are intended to reap the benefit of Plaintiffs' reputation and good will that they have created in its HYUNDAI MARKS, and constitutes infringement of the federally registered trademarks, which HMA and/or HMC own and/or of which HMA is the exclusive licensee, in violation of sections 32, 34 and 35 of the Lanham Act (15 U.S.C. §§1114, 1116 and 1117).

61.     As a direct and proximate result of Defendant's illegal and willful activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

62.     Defendant's conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs, including its business, reputation, and goodwill, and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

63.     Defendant's infringement of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117).  Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## SECOND CAUSE OF ACTION

## INDUCEMENT OF TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

64.     Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 63 above.

65.     The importation, promotion, distribution, use and/or threatened continued use in

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

commerce by Resellers of the Resellers' Parts which bear trademarks that are identical or nearly identical to federally registered HYUNDAI MARKS constitutes a wrongful use of an unauthorized reproduction, counterfeit, copy or colorable imitation of one or more of the registered HYUNDAI MARKS.

66.     The Resellers' importation, promotion and distribution of the Resellers' Parts have caused and/or are likely to continue to cause confusion, or to cause mistake, or to deceive, including but not limited to whether Plaintiffs guarantee and/or warrant the quality of the Non-Genuine Hyundai Parts.

67.     The Resellers' acts are intended to reap the benefit of Plaintiffs' reputation and good will that they have created in its HYUNDAI MARKS, and constitute infringement of the federally registered trademarks, which HMA and/or HMC own and/or of which HMA is the exclusive licensee, in violation of sections 32, 34 and 35 of the Lanham Act (15 U.S.C. §§1114, 1116 and 1117).

68.     Also, Plaintiffs are informed and believe, and thereon allege, that Defendant is intentionally inducing Resellers to infringe the HYUNDAI MARKS by, among other things, representing to those Resellers that Defendant's parts are "genuine," leading those Resellers to believe that HMA warranties apply to the parts (when they do not) and that they thus do not need to (and do not) offer an equivalent warranty to dealers or end-customers.

69.     Plaintiffs are further informed and believe, and thereon allege, that Defendant's representations regarding the "genuineness" of the parts also makes the Resellers unaware of the physical material differences between Defendant's parts and parts obtained through the Plaintiffs' authorized distribution channel for the United States.  Thus, the Resellers do not advise dealers and end-customers of those physical material differences.  Instead, the Resellers are intentionally induced by Defendant to infringe the HYUNDAI MARKS by advising their customers that Defendant's parts are "genuine" when they are, in fact, illegal gray market parts.

70.     As a direct and proximate result of Defendant's illegal and willful activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

Court.

71.     Defendant's conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs, including its business, reputation, and goodwill, and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

### THIRD CAUSE OF ACTION

### CONTRIBUTORY TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

72.     Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 71 above.

73.     The importation, promotion, distribution, use and/or threatened continued use in commerce by Resellers of the Resellers' Parts which bear trademarks that are identical or nearly identical to federally registered HYUNDAI MARKS constitutes a wrongful use of an unauthorized reproduction, counterfeit, copy or colorable imitation of one or more of the registered HYUNDAI MARKS.

74.     The Resellers' importation, promotion and distribution of the Resellers' Parts have caused and/or are likely to continue to cause confusion, or to cause mistake, or to deceive, including but not limited to whether Plaintiffs guarantee and/or warrant the quality of the Resellers' Parts.

75.     The Resellers' acts are intended to reap the benefit of Plaintiffs' reputation and good will that they have created in its HYUNDAI MARKS, and constitute infringement of the federally registered trademarks, which HMA and/or HMC own and/or of which HMA is the exclusive licensee, in violation of sections 32, 34 and 35 of the Lanham Act (15 U.S.C. §§1114, 1116 and 1117).

76.     Also, Plaintiffs are informed and believe, and thereon allege, that Defendant knew or had reason to know that Resellers would use the Resellers' Parts to infringe the HYUNDAI MARKS.  Among other things, Defendant represents to those Resellers that Defendant's parts are "genuine," knowing or having reason to know that the Resellers would believe that the HMA

PISANELLI BICE PLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1  warranties apply to the parts (when they do not) and that they thus do not need to (and do not)

2  offer an equivalent warranty to dealers or end-customers.

3      77.    Plaintiffs are further informed and believe, and thereon allege, that Defendant's

4  representations regarding the "genuineness" of the parts also makes the Resellers unaware of the

5  physical material differences between Defendant's parts and parts obtained through the Plaintiffs'

6  authorized distribution channel for the United States.  Thus, the Resellers do not advise dealers

7  and end-customers of those physical material differences.  Defendant knows or has reason to

8  know that the Resellers infringe the HYUNDAI MARKS by not advising their customers that

9  Defendant's parts are "genuine" when they are, in fact, illegal gray market parts.

10     78.    As a direct and proximate result of Defendant's illegal and willful activities,

11  Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and

12  to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this

13  Court.

14     79.    Defendant's conduct has caused and will continue to cause immediate and

15  irreparable injury to Plaintiffs, including its business, reputation, and goodwill, and will continue

16  to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no

17  adequate remedy at law.

18     WHEREFORE, Plaintiffs seek judgment as set forth herein.

19                          **FOURTH CAUSE OF ACTION**

20          **FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)(1)(A))**

21     80.    Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 79

22  above.

23     81.    Defendant's use and threatened continued use in connection with importing,

24  selling, offering for sale, advertising, marketing, promoting and packaging the Resellers' Parts

25  bearing the HYUNDAI MARKS and/or marks which are identical or nearly identical to the

26  HYUNDAI MARKS and trade names, trade dress, wrappers, packaging and words, terms, names,

27  symbols, and/or devices that suggest that Defendant's goods originated with, were manufactured

28  by or are sponsored by Plaintiffs constitute a false designation of origin and a false description

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

and representation of Defendant's business and products.  Defendant's acts and each of them are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiffs, or as to the origin, sponsorship or approval of Defendant's goods, services or commercial activities by Plaintiffs.

82.    The aforesaid wrongful acts of Defendant constitute the use of a false designation of origin and false description of representation, in violation of section 43(a) of the Lanham Act (15 U.S.C. §1125(a)(1)(A)).

83.    As a direct and proximate result of Defendant's illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

84.    Defendant's conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs, including its business, reputation, and goodwill, and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

85.    Defendant's use of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117).  Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## FIFTH CAUSE OF ACTION

### FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)(1)(B))

86.    Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 85 above.

87.    Defendant's use and threatened continued use in connection with importing, selling, offering for sale, commercial advertising, marketing, promoting and packaging the Resellers' Parts bearing the HYUNDAI MARKS and/or marks which are identical or nearly identical to the HYUNDAI MARKS and trade names, trade dress, wrappers, packaging and

words, terms, names, symbols, and/or devices that suggest that Defendant's goods originated with, were manufactured by or are sponsored by Plaintiffs constitute a false designation of origin and a false description and representation of Defendant's business and products.  Defendant's acts and each of them are likely to cause confusion, or to cause mistake, or to deceive as to nature, characteristics, qualities, and/or geographic origin of Defendant's goods, services or commercial activities by Plaintiffs.

88.     The aforesaid wrongful acts of Defendant constitute the use of a false designation of origin and false description of representation, in violation of section 43(a) of the Lanham Act (15 U.S.C. §1125(a)(1)(B).

89.     As a direct and proximate result of Defendant's illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

90.     Defendant's conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

91.     Defendant's use of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117).  Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## SIXTH CAUSE OF ACTION

## FOR TRADEMARK DILUTION (15 U.S.C. §1125(c))

92.     Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 91 above.

93.     The HYUNDAI MARKS have been and continue to be "famous" as defined by 15 U.S.C. § 1125(c)(1) due to their continued and extensive use in advertising and marketing.  The HYUNDAI MARKS were famous well before Defendant imported, distributed, offered for sale,

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

or sold the Resellers' Parts.

94.     Defendant's use and threatened continued use of the marks which are identical or nearly identical to the HYUNDAI MARKS, through the unauthorized importation, promotion, distribution and/or sale of the Non-Genuine Hyundai Parts, do not comply with Plaintiffs' quality and/or safety control policies has and will continue to tarnish Plaintiffs' reputation and dilute and injure the value of the HYUNDAI MARKS as indicators of high quality goods that consumers expect from Plaintiffs,  is in willful violation of section 43(c) of the Lanham Act (15 U.S.C. §1125(c)).

95.     As a direct and proximate result of Defendant's illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

96.     Defendant's conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs, including its business, reputation, and goodwill, and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

97.     Defendant's dilution of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117). Plaintiffs are therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## SEVENTH CAUSE OF ACTION

## FOR COMMON LAW TRADEMARK INFRINGEMENT

98.     Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 97 above.

99.     Defendant's acts alleged herein and specifically, without limitation, Defendant's use of the HYUNDAI MARKS, infringe Plaintiffs' exclusive trademark rights in the HYUNDAI MARKS, in violation of the common law.

100.   Defendant's conduct has caused and will continue to cause immediate and irreparable injury to Plaintiffs and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.   Plaintiffs have no adequate remedy at law in that the amount of their damages is difficult to ascertain with specificity.

101.   As a result of Defendant's acts as alleged above, Plaintiffs have incurred damages in an amount to be proven at trial consisting of among other things, diminution in the value of the goodwill associated with the HYUNDAI MARKS.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## EIGHTH CAUSE OF ACTION

## FOR COMMON LAW UNFAIR COMPETITION

102.   Plaintiffs hereby re-allege the allegations set forth in Paragraphs 1 through 100 above.

103.   Upon information and belief, Defendant has engaged in and continues to engage in unfair competition by using the HYUNDAI MARKS, on information and belief, with the intention of interfering with and trading on the business reputation and goodwill engendered by Plaintiffs through hard work and diligent effort, and "passing off" its goods as those of another, namely Plaintiffs.

104.   Defendant's acts have caused Plaintiffs competitive injury, as described herein, and specifically have caused Plaintiffs to incur damages in an amount to be proved at trial consisting of among other things, diminution in the value of and goodwill associated with the HYUNDAI MARKS.

105.   Defendant's acts as alleged above, and specifically, without limitation, Defendant's use of the HYUNDAI MARKS, if not enjoined, will continue.   Plaintiffs have no adequate remedy at law in that amount of their damages is difficult to ascertain with specificity.

WHEREFORE, Plaintiffs seek judgment as set forth herein.

## NINTH CAUSE OF ACTION FOR DECEPTIVE TRADE PRACTICES

## UNDER N.R.S. 598.0903, *et seq.*

106.   Plaintiffs hereby re-allege the allegation set forth in Paragraphs 1 through 105

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1  above.

2  107.   Upon information and belief, in the course of conducting its business, Defendant

3  knowingly made false representations as to affiliation, connection and/or association with

4  Plaintiffs and failed to disclose a material fact in connection with the sale of goods by

5  representing to Resellers that Defendant's parts are "genuine" and by otherwise engaging in

6  deceptive trade practices.

7  108.   As the direct and proximate result of Defendants' conduct, Plaintiffs have suffered,

8  and will continue to suffer, monetary damages and irreparable injury to their business, reputation,

9  and goodwill.

10  WHEREFORE, Plaintiffs seek judgment as set forth herein.

11  109.

12  **PRAYER FOR RELIEF**

13  WHEREFORE, Plaintiffs pray for judgment as follows:

14  (a)   That this Court temporarily, preliminarily, and permanently enjoin and restrain

15  Defendant, its officers, directors, servants, employees, attorneys, agents, representatives, and

16  distributors, and all other persons acting in concert or participation with Defendant from:

17  i.   misrepresenting in any way the source of origin or the nature or quality of

18  Resellers' Parts;

19  ii.   making, manufacturing, importing, using, distributing, shipping, licensing,

20  selling, developing, displaying, delivering, advertising and/or otherwise

21  marketing or disposing of Defendant's Resellers' Parts;

22  iii.   disposing of, destroying, moving, relocating or transferring any and all of

23  Defendant's Resellers' Parts, as well as packaging and other items including

24  advertising, promotion, drawings, transfers, brochures, catalogs, stationery,

25  business forms, business cards, labels, stickers, etc. relating to Defendant's

26  Resellers' Parts; and

27  iv.   disposing of, destroying, moving, relocating or transferring any documents

28  pertaining to the importation, sale, receipt, promotion, advertising,

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

24

distribution, and/or shipment of Defendant's Non-Genuine Hyundai Parts.

(b) order Defendant to file with this Court and serve upon Plaintiffs within 30 days of being served with this Court's injunction issued in this action, a written report signed by Defendant under oath, setting forth in detail the manner in which Defendant complied with the injunction;

(c) issue an order directing U.S. Customs and Border Protection to refuse entry to the United States of automobile parts or accessories bearing the HYUNDAI MARKS by Defendants pursuant to 15 U.S.C. § 1125(b) and/or as otherwise provided by law;

(d) preliminary and permanently enjoin Defendant from further conduct which infringes the HYUNDAI MARKS;

(e) award Plaintiffs compensatory damages, including but not limited to their actual damages, Defendant's profits, and costs pursuant to 15 U.S.C. §1117(a) and/or as otherwise provided by law;

(f) award Plaintiffs enhanced and/or treble damages pursuant to 15 U.S.C. § 1117(a), and/or as otherwise provided by law;

(g) award Plaintiffs its attorney's fees, pursuant to 15 U.S.C. § 1117(a).

(h) award Plaintiffs punitive damages as provided by law;

(i) award Plaintiffs restitution as provided by law;

(j) order Defendant to account to Plaintiffs for all profits from its infringement of HYUNDAI MARKS;

(k) award Plaintiffs their costs, disbursements, and attorneys' fees incurred in bringing this action;

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1      (l)      award Plaintiffs prejudgment interest as provided by law; and

2      (m)      award Plaintiffs such other and further relief as this Court may deem just and

3   proper.

4      DATED this 1st day of November 2016.

5                                            PISANELLI BICE PLLC

6

7                                            By:      /s/  James J. Pisanelli
                                                 James J. Pisanelli, Esq., Bar No. 4027
                                                 M. Magali Mercera, Esq., Bar No. 11742
8                                                400 S. 7th Street, Suite 300
                                                 Las Vegas, NV  89101
9                                                and
                                                 Kenneth E. Keller, Esq. (*Pro Hac Vice*
10                                               forthcoming)
                                                 Ethan Jacobs, Esq. (*Pro Hac Vice* forthcoming)
11                                               KELLER, SLOAN, ROMAN & HOLLAND LLP
                                                 555 Montgomery Street, 17th Floor
12                                               San Francisco, California 94111

13                                           *Attorneys for Plaintiffs*
                                             *Hyundai Motor America, Inc. and*
14                                           *Hyundai Motor Company*

15                                  **DEMAND FOR JURY TRIAL**

16      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand

17   trial by jury in this action on any issue triable of right by a jury.

18      DATED this 1st day of November 2016.

19                                           PISANELLI BICE PLLC

20

21                                           By:      /s/  James J. Pisanelli
                                                 James J. Pisanelli, Esq., Bar No. 4027
22                                               M. Magali Mercera, Esq., Bar No. 11742
                                                 400 S. 7th Street, Suite 300
23                                               Las Vegas, NV  89101
                                                 and
24                                               Kenneth E. Keller, Esq. (*Pro Hac Vice* forthcoming)
                                                 Ethan Jacobs, Esq. (*Pro Hac Vice* forthcoming)
25                                               KELLER, SLOAN, ROMAN & HOLLAND LLP
                                                 555 Montgomery Street, 17th Floor
26                                               San Francisco, California 94111

27                                           *Attorneys for Plaintiffs*
28                                           *Hyundai Motor America, Inc. and*
                                             *Hyundai Motor Company*

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101