UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>ISHER TRADING LLC,<br><br>Defendant(s). | Case No. 2:16-CV-2531 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiffs Hyundai Motor America, Inc. and Hyundai Motor Company's ("HMC") motion for default judgment against defendant Isher Trading LLC ("Isher"). (ECF No. 30).

Plaintiffs indicate that they initiated this case to bring claims involving "federal trademark infringement, inducement of trademark infringement, contributory trademark infringement, false designation of origin, trademark dilution, common law trademark infringement, unfair competition, and deceptive trade practices under N.R.S. 598.0903, *et seq.*" (ECF No. 30 at 6).

Plaintiffs filed their complaint on November 1, 2016, and their summons was executed against Ishar on November 7, 2016. (ECF Nos. 1, 7). On December 28, 2016, Judge Koppe entered an order recognizing that "Defendant has not appeared in this action and Plaintiff[s] ha[ve] not filed a motion for default or otherwise advanced the case." (ECF No. 26 at 1).

On January 4, 2017, plaintiffs moved for an entry of clerk's default against Isher, and the clerk granted default on January 5, 2017. (ECF Nos. 28, 29). Thereafter, plaintiffs submitted their motion for default judgment. (ECF No. 30). To date, defendant has filed no response or opposition to that motion, despite the passage of roughly half of a year.

**James C. Mahan**
**U.S. District Judge**

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The party must apply to the court for default judgment when the claim's sum value is uncertain. Fed. R. Civ. P. 55(b)(2).

> Obtaining a default judgment is a two-step process:
> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When determining whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

When applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

Here, it is clear that plaintiffs are prejudiced by their need to prosecute a case wherein the defendant, after more than half a year, has failed to appear despite proof of execution of service. *See Eitel*, 782 F.2d at 1471–72.

This court is satisfied by plaintiffs' discussion of its personal and subject matter jurisdiction over this case. (ECF No. 30). Next, plaintiffs have asserted nine claims against Isher: (1) trademark infringement; (2) inducement of trademark infringement; (3) contributory trademark infringement; (4 and 5) false designation of origin; (6) trademark dilution; (7) common law trademark infringement; (8) common law unfair competition; and (9) deceptive trade practices. (ECF No. 1); *see also* 15 U.S.C. §§ 1114–1117; Nev. Rev. Stat. § 598.0903, *et seq.*

The complaint has identified the relevant marks at issue and explained the various interests that are threatened by unauthorized dealing of gray-market goods. (ECF No. 1). Moreover, the goods being introduced into the United States by defendant appear materially different from those goods distributed by HMC's authorized chain of distribution and are therefore not "genuine." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1092–93 (9th Cir. 2013); *see also* (ECF No. 1) (alleging that defendant had dealt inferior goods subject to plaintiffs' marks, such as those "rejected, recall or defective parts" and that defendant was essentially free-riding off of "the valuable and favorable reputation and goodwill of the [marks] . . . .").[1] After considering the various legal standards corresponding to plaintiffs' offered claims, this court finds that plaintiffs' action could be substantially meritorious in light of the facts alleged in the complaint. *See Eitel*, 782 F.2d at 1471–72; *see also* (ECF No. 1).

The court is unable at this time to discern a possibility of a dispute concerning material facts, and there is no indication on the record that defendant's default was due to excusable neglect. *See Eitel*, 782 F.2d at 1471–72. Finally, the other factors considered here outweigh the overriding interest in resolving cases purely on their merits. *Id.*

Therefore, this court will grant plaintiffs' motion for default judgment. The court now considers plaintiffs' requested relief. They correctly argue that "[i]njunctive relief is available even in a default judgment setting" and that the Lanham Act authorizes injunctive relief to stop additional trademark infringement. (ECF No. 30 at 12) (citing 15 U.S.C. § 1116; *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1178 (C.D. Cal. 2002)). When considering the need for injunctive relief under § 1116, the court is to fashion relief "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a).

---

[1] Applicable legal standards or criteria for the claims may be found as follows: 15 U.S.C. § 1125(c) (trademark dilution); Nev. Rev. Stat. § 598.0915 (defining a "deceptive trade practice"); *Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1249 (9th Cir. 2017) (false designation of origin analysis); *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 943 (9th Cir. 2011) (discussing "contributory trademark infringement"); *Charles Greiner & Co. v. Mari-Med Mfg., Inc.*, 962 F.2d 1031, 1037 (Fed. Cir. 1992) (test for inducement of trademark infringement); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–54 (9th Cir. 1979); *JL Beverage Co., LLC v. Beam, Inc.*, 899 F. Supp. 2d 991, 1010 (D. Nev. 2012) (similarity of common law unfair competition claims to those made under the Lanham Act); *A.L.M.N., Inc. v. Rosoff*, 757 P.2d 1319, 1321 (Nev. 1988) (common law trademark infringement).

Plaintiffs have supplied proposed terms for the permanent injunction and sanctions. (ECF No. 30-2). The court has reviewed these terms and will adopt the proposed final default judgment and permanent injunction and sanctions order. *See* (*id.*).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for default judgment (ECF No. 30) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' proposed order (ECF No. 30-2) be, and the same hereby is, ADOPTED, as follows:

(1) Permanent injunctive relief: defendant and its officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:

   (a) misrepresenting in any way the source of origin or the nature or quality of parts bearing the HYUNDAI MARKS identified in paragraphs 18 and 19 of the complaint;

   (b) making, manufacturing, importing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of defendant's resellers' parts;

   (c) disposing of, destroying, moving, relocating or transferring any and all of defendant's resellers' parts, as well as packaging and other items including advertising, promotion, drawings, transfers, brochures, catalogs, stationery, business forms, business cards, labels, stickers, etc. relating to defendant's resellers' parts; and

   (d) engaging in further conduct which infringes the HYUNDAI MARKS;

(2) Defendant shall file with this court and serve upon plaintiffs within 30 days of being served with this court's injunction issued in this action, a written report signed by defendant under oath, setting forth in detail the manner in which defendant complied with the injunction;

**James C. Mahan**
**U.S. District Judge**

(3) Defendant shall account to plaintiffs for all profits from its infringement of the HYUNDAI MARKS;

(4) U.S. Customs and Border Protection is directed to refuse entry to the United States of automobile parts or accessories bearing the HYUNDAI MARKS by defendant pursuant to 15 U.S.C. § 1125(b) and/or as otherwise provided by law;

(5) Costs of Suit: $400.00

(6) Interest from the date this action was filed shall accrue at the legal rate.

DATED August 24, 2017.

_____
UNITED STATES DISTRICT JUDGE